IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPORTS MEDICINE RESEARCH & TESTING LABORATORY, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | C.A. No. 24-516 (MN) |
| LABWARE, INC., and LABWARE GLOBAL SERVICES, INC, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington, this 28th day of January 2025:

IT IS HEREBY ORDERED that, as announced at the hearing on January 13, 2025, (D.I. 38), Defendants LabWare, Inc. and LabWare Global Services, Inc.'s ("Defendants") motion to dismiss (D.I. 17) Count II of Plaintiff Sports Medicine Research & Testing Laboratory's ("Plaintiff") Amended Complaint (D.I. 9 ("Am. Compl.")) for breach of the implied covenant of good faith and fair dealing is GRANTED.

The parties briefed the issues, submitted slides, and conducted oral argument before the Court. (D.I. 18, 25, 27, 38). The Court carefully reviewed all submissions and announced the following ruling from the bench at the conclusion of the hearing, (D.I. 38 at 24:9-27:17):

> I have before me Defendants' motion to dismiss Count II of the Amended Complaint for breach of the implied covenant of good faith and fair dealing.[1] On a motion to dismiss, the court accepts all well-pleaded factual allegations in the complaint as true and views them in the light most favorable to the plaintiff, but nonetheless will dismiss any claim that fails as a matter of law or

---

[1] (D.I. 9, 17, 18, 25, 27).

does not contain sufficient factual matter to state a claim to relief that is plausible on its face.[2]

The implied covenant is a "limited and extraordinary legal remedy,"[3] that is "rarely invoked successfully."[4] "To sufficiently allege a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege (1) a specific obligation implied in the contract, (2) a breach of that obligation, and (3) resulting damages."[5] The purpose of the implied covenant is to prevent the parties to a contract from perpetrating any "arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain."[6] Applying the doctrine requires "inferring contractual terms to handle developments or contractual gaps that the asserting party pleads neither party anticipated."[7] Accordingly, "the Court must first determine whether there is a contractual gap" related to a specific obligation expressly contained in the contract.[8] "Where a plaintiff has failed to identify a gap in the contract, merely repeating the Defendants' allegedly improper acts or omissions already the subject of a separate breach of contract claim is insufficient."[9]

Thus, two conditions prevent a plaintiff from prevailing on an implied covenant claim. First, where the claim is based on a breach of express provisions in the contract at issue, and, second, where the claim is duplicative of a breach of contract claim. Because I find

---

[2] *Mayer v. Belichick*, 605 F.3d 223, 229-30 (3d Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *OC Tint Shop, Inc. v. CPFilms, Inc.*, No. 17-1677 (RGA), 2018 WL 4658211, at *5 (D. Del. Sept. 27, 2018) (quoting *Nemec v. Shrader*, 991 A.2d 1120, 1128 (Del. 2010)).

[4] *Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 888 (Del. Ch. 2009); *Goddess Approved Prods., LLC v. Wolox*, No. 20-1697 (SB), 2022 WL 4535620, at *4 (D. Del. Sept. 28, 2022).

[5] *Sapp v. Indus. Action Servs., LLC*, No. 19-912 (RGA), 2024 WL 3444633, at *5 (D. Del. July 17, 2024) (quoting *OC Tint Shop*, 2018 WL 4658211, at *4).

[6] *Nemec v. Shrader*, 991 A.2d at 1128 (citation omitted).

[7] *Id.* at 1125; *Sapp*, 2024 WL 3444633, at *5.

[8] *OC Tint Shop*, 2018 WL 4658211, at *5.

[9] *Sapp*, 2024 WL 3444633, at *5 (citation omitted).

that Plaintiff's implied covenant claim here is both, I will grant Defendants' motion to dismiss.

First, there is no gap in the contract because Plaintiff's claims are covered by express language in the Agreements at issue. Indeed, those same clauses form the subject of Plaintiff's breach of contract claim in Count 1.[10] Specifically, Plaintiff's implied covenant allegations concern the following of Defendants' obligations: (i) conducting the Gap Fit Study; (ii) completing the project in accordance with best practices and industry standards; (iii) tracking, managing, and reporting project progress; (iv) identifying and mitigating project risks and failures; and (v) delivering an operable final product.[11] Each of these obligations is expressly set forth in the language of the Agreements, and, accordingly, there is no need to rely upon the implied covenant to ensure their performance. For example, the Scope of Work explains that "[t]he services and deliverables that LabWare will provide to [Plaintiff] consist of a Gap Fit Study," and most of that document is devoted to expanding upon what the Gap Fit Study entails.[12] The Licensing and Maintenance Agreements facially contemplate that "all workmanship shall be in accordance with industry standards that are in effect at the time of completing the work."[13] Tracking, managing, and reporting progress are prescribed in at least three sections of the Scope of Work,[14] and "proactively mitigating risks" is addressed in two others.[15] And, finally, delivering an operable LIMS is directly warrantied in the Licensing and Services Agreements.[16] Because

---

[10]   (*See* Am. Compl. ¶ 135).

[11]   (*Id.* ¶ 142).

[12]   (D.I. 19, Ex. 4 ("SOW") §§ 1, 2, 5; Am. Compl. ¶¶ 26, 27, 30, 47).

[13]   (*See, e.g.*, Am. Compl. ¶ 24; D.I. 19, Ex. 1 ("License Agreement") § 9.1; *id.*, Ex. 2 ("Maintenance Agreement") § 10; *id.*, Ex. 3 ("Services Agreement") § 6.1 (employees shall "meet industry standards and qualifications"); SOW §§ 1 (discussing quality controls), 5 (shall "provide best practices and options for technical solutions")).

[14]   (SOW §§ 1, 4 ("joint reviews of work in progress"), 5 ("manage[] all LabWare resource deliverables [and] issue project reports for all LabWare activity")).

[15]   (*Id.* §§ 3, 5 ("Will assist to identify and mitigate project risks; escalate when needed."); Am. Compl. ¶ 27(c)).

[16]   (License Agreement § 9.1 ("LabWare warrants and guarantees that the Software provided to Licensee under the terms of this Agreement shall be of the proper kind and quality,

each of these obligations is explicitly covered in the agreements at issue, Plaintiff's claim is properly a breach of contract claim, not an implied covenant claim.

Second, a claim for breach of the implied covenant fails where it merely duplicates a coextensive claim for breach of contract.[17] That is, a plaintiff cannot assert an implied covenant claim that parrots the language of the breach claim or is based on "exactly the same acts" or "same conduct."[18] Here, the Amended Complaint asserts a claim for breach of contract based on precisely the same factual predicate – Defendants' alleged failure to deliver the product and services contracted for under the Contracts.[19] The Complaint contains no separate allegations to support a standalone implied covenant claim. And a comparison of the allegations in paragraphs 135 and 142 of Counts I and II demonstrate that the allegations of breach are nearly symmetrical.[20] The implied covenant claim is, therefore, duplicative of the breach claim. Accordingly, I will dismiss Count II of the Amended Complaint and we will go forward on Count I.

Accordingly, for the foregoing reasons, Defendants' motion to dismiss Count II of the Amended Complaint is GRANTED.

_____
The Honorable Maryellen Noreika
United States District Judge

---

suitable for their intended use."); Services Agreement § 7.1 ("Any Services that are required to be performed by LabWare under the provisions of this Agreement shall be warranted to be in compliance with all of the requirements and specifications of this Agreement."); Maintenance Agreement § 10; SOW § 1, 5).

[17] *Rheault v. Halma Holdings Inc.*, No. 23-700 (WCB), 2023 WL 8005318, at *13 (D. Del. Nov. 7, 2023).

[18] *Id.*; *Mosiman v. Madison Cos., LLC*, No. 17-1517 (CFC), 2019 WL 203126, at *3 (D. Del. Jan. 15, 2019); *Sapp*, 2024 WL 3444633, at *5.

[19] (*Compare* Am. Compl. ¶ 135 *with id.* ¶ 142).

[20] (*Id.*).